FILED
08/11/2017
Clerk of the
Appellate Courts

# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
Assigned on Briefs August 1, 2017

## DEWAYNA M. KILLEN v. PHILLIPS WRECKER SERVICE AND GARAGE

**Appeal from the Circuit Court for Monroe County**
No. V16258P        Lawrence Howard Puckett, Judge

_____

**No. E2016-02306-COA-R3-CV**

_____

This dispute stems from an agreement for the purchase and installation of a used automobile motor.  The parties to the agreement both claim the other breached the agreement.  Following a trial, the circuit court determined that the purchaser breached the agreement.  Discerning no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Case Remanded**

W. NEAL MCBRAYER, J., delivered the opinion of the court, in which JOHN W. MCCLARTY and ARNOLD B. GOLDIN, JJ., joined.

Dewayna M. Killen, Madisonville, Tennessee, pro se appellant

Scott E. Phillips d/b/a Phillips Wrecker Service and Garage, Tellico Plains, Tennessee, pro se appellee.

The appellant, the plaintiff below, Ms. Dewayna M. Killen, is the owner of a Chevrolet Impala in need of a new motor. Mr. Scott E. Phillips is the sole proprietor of the appellee, the defendant below, Phillips Wrecker Service and Garage, an automobile dismantling yard.

Ms. Killen initially filed suit against Phillips Wrecker Service and Garage and another party in the General Sessions Court for Monroe County, Tennessee. She claimed that Mr. Phillips had quoted her a price for a motor and installation that he would no longer honor. Ms. Killen further claimed that Mr. Phillips would not return the money that she had allegedly paid to Phillips Wrecker Service and Garage.

Although the general sessions court awarded her a judgment, Ms. Killen appealed to the Circuit Court for Monroe County. As they both do now in this appeal, the parties represented themselves before the trial court. According to the statement of the evidence submitted by Mr. Phillips, the following took place at the trial:

> Ms. Killen was asked to explain what had happened. Ms. Killen is asking for a refund of $600.00 because she claims no services were rendered to her. I explained to Judge Puckett that Ms. Killen called us at the end of Jan. 2016 about a motor for her Chevrolet Impala and we went over the price of the motor with Ms. Killen.
>
> I then explained to Judge Puckett that on February 18th, 2016 that we (Phillips) and Ms. Killen agreed to meet in Madisonville, TN with my wife Joyce Phillips to pick up the down payment of $200.00 for a motor for her Chevy Impala at the cost of $400.00 plus tax (9.25%) with a total of $437.00. The deposit left $237.00. She also had asked if our shop could install the motor for her and was told we could not install it because our Mechanic had gotten sick and had to quit. I referred Ms. Killen to another

---

[1] The rules of our Court provide as follows:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Tenn. Ct. App. R. 10.

local automotive shop named Shep's Garage in Tellico Plains and gave her his phone number.

Ms. Killen was advised that as soon as she payed [sic] the motor off, we at Phillips would deliver the motor to Shep's garage.

Ms. Killen said she would have the remaining balance on March 3rd, 2016 so we had an employee to go ahead and pull the motor out of the salvage vehicle and have it ready for delivery. We did not hear from Ms. Killen until mid-June. At that time she said she had the pay-off of $237.00. However, when we met, she only had $200.00, which left a balance of $37.00. I told Ms. Killen she needed to pay the balance off so I could get her motor delivered to Shep's garage.

EXHIBIT A A receipt 019774 showing $400.00 plus tax $37.00, down payment less $200.00, balance of $237.00. Second payment of $200.00 leaves a balance of $37.00.

Ms. Killen told Judge Puckett that she didn't wat [sic] the motor because she had bought a new car and wanted judgement for the money. Judge Puckett told her she would be in breach of contract and try to get balance paid within the fifteen days.

The trial court concluded that Ms. Killen had breached the parties' agreement. But the court's judgment ordered that, if Ms. Killen paid the balance of $37.00 within fifteen days, Mr. Phillips shall deliver the motor as designated by Ms. Killen in writing.

On appeal, Ms. Killen requests that we reverse the trial court or order a new trial. As we understand it, she argues that the evidence does not support the trial court's findings or that she would have tried the case differently if given the opportunity.

In non-jury cases, our standard of review is de novo upon the record of the proceedings below, but the trial court's findings of fact are presumed to be correct unless the evidence in the record preponderates against them. Tenn. R. App. P. 13(d). We review a trial court's conclusions of law de novo, with no presumption of correctness. *Armbrister v. Armbrister*, 414 S.W.3d 685, 692 (Tenn. 2013); *Rigsby v. Edmonds*, 395 S.W.3d 728, 734 (Tenn. Ct. App. 2012).

Based on our review of the approved statement of the evidence, the evidence does not preponderate against the court's factual findings. Ms. Killen relies on her own statement of evidence, but we may only consider the statement of evidence approved by the trial court. Absent extraordinary circumstances, which are not present here, the trial court's determination of the accuracy of the statement of the evidence is conclusive.

Tenn. R. App. P. 24(e), (h).

       As for giving Ms. Killen another opportunity to present her case, she has pointed to no error that would allow for such relief. Accordingly, we must affirm the trial court's judgment.

 

                                  _____

                                    W. NEAL MCBRAYER, JUDGE